Mr. Justice Bay
delivered the opinion of the court:
The first ground of this application was, that the applicant was the owner of a boat which plied between Charleston and Sullivan’s Island, which constituted him a ferryman.
2nd. That he had a license as the master of a coasting vessel, and was sometimes employed in that service.
With respect to Clarke’s first ground, I was of opinion, that-employing a boat between this City and Sullivan’s Island, did not constitute him a ferryman within the meaning of the exemption at common law, or the militia act, as-there were at least twenty persons who employed boats of different kinds between Charleston and Sullivan’s Island; *48 all of whom had equal rights, and that twenty more might employ boats in the same business if they thought proper. There was nothing exclusive, or which was confined to a, single individual in-that kind of intercourse; it was equally open to all. Whereas, a ferryman in the understanding of the common law, and also of the militia act, was one who had the exclusive right of transpor ting passengers over rivers or other water courses for hire, at an established rate: And no other person could keep or employ a boat to his prejudice either at the same place, or within a limited distance, above or below him : And he was bound, at all times, to be ready with good boats and craft to convey passengers backwards and forwards, otherwise an action would lay against him. In the present case, however, Mr. Clarke was under no such obligation. It was. merely optional in him to go and carry what and when he pleased. He could not, therefore, be considered in law as' a ferryman, only as the owner of a boat who was employed occasionally, (when he pleased,) in carrying passengers and their baggage to and from Sullivan’s Island. And with regard to his being a sea-faring man, it was alleged that he had got a license from the custom house for commanding a coaster; but when, and at what time, did not appear. Nor did it appear that he was employed in that business at the time he was summoned to do duty as a militia man. And the exemption by the militia law extends only to those ■who are actually employed -in the Sea-faring business at the time of summons.
Crafts, for the motion.
Kennedy, contra.
Justices Cóleock, Gantt, Johnson and Richardson, coneurred.